## Case No. 8,232.

### In re LELAND et al.

[8 Ben. 204.] [1]

District Court, S. D. New York. July, 1875.

BANKRUPTCY—EVIDENCE—ATTORNEY—DISCHARGE OF BANKRUPT.

1. Creditors, opposing the discharge in bankruptcy of two of the three bankrupts above named, offered in evidence depositions made by each of the three, in an equity suit brought by the assignee against the bankrupts and other parties, and also the decree made in that action. They also offered to prove statements to other parties made by the third to the bankrupts: *Held*, that the deposition made by each of the two bankrupts was evidence against himself; that the deposition and statements made by the third were not evidence against either of the two; and that the decree was evidence against each of them.

2. The creditors also offered to call as a witness the counsel who appeared for the bankrupts, but he declined to be sworn, requesting the counsel for the creditors to state what they expected to prove by him, and promising to admit it, if it was proper to do so: *Held*, that the counsel must be sworn and examined as a witness.

3. The creditors also offered in evidence a bill of complaint in an equity action brought by the assignee against H. and others, a notice of appearance for H. and for one of the bankrupts and his wife, a withdrawal of that notice, a refusal by the complainant's solicitor to receive the withdrawal, a supplemental bill and the answer of the bankrupt's wife thereto, and a satisfaction of mortgage referred to in the bill; *Held*, that none of said papers were admissible in evidence against the bankrupts.

[In the matter of the bankruptcy of Simeon. Warren, and Charles Leland. composing the firm of Simeon Leland & Co. Warren and Charles Leland composed a second firm known as Leland Bros., who owned and operated a hotel at Saratoga Springs, New York. After the bankrupt proceedings were instituted against Simeon Leland & Co., proceedings were instituted in bankruptcy in the Western district of New York against Leland Bros., but the court there refused to take cognizance of the case, because the bankruptcy of Leland Bros. could be and was being adjudicated in this court. Case No. 8,-228. The Leland Bros. issued certain bonds secured by real-estate mortgage. These bonds are construed in Case No. 8,229. They also gave chattel mortgage upon part of the

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

hotel fixtures. These are declared void for want of proper recording in Case No. 8,234. A decree was entered November, 1873, declaring the real-estate mortgages to be void. Subsequently the holders of the bonds secured by these mortgages were not allowed to prove their debts. Case No. 8,230. One of these creditors is heard upon new proof taken in the re-examination of the case in Case No. 8,231. The case is now heard upon the certificate of the register as to the admission of certain evidence before him in the proceeding for the discharge of two of the bankrupts, which discharge was opposed by certain of the creditors.]

In this case the register certified to the court, that creditors, opposing the discharge of Warren Leland and Charles Leland, two of the above bankrupts, had offered in evidence before him, in support of the specifications of opposition to the discharge, the depositions of the three bankrupts, taken in an equity action brought in this court by the assignee against the bankrupts and A. T. Stewart and others, and the decree rendered in that action, and that he had, under the objection of the bankrupts, admitted the evidence; that the creditors had also asked Wright Pomeroy, who was produced as a witness, if he had had a conversation with Simeon Leland, in which the latter had said that the bankrupts did not owe one Bellows $5,000, and that the fictitious claims which Charles and Warren Leland were permitting against the firm were ruining him, and that the register had excluded this evidence; that the creditors had called as a witness Mr. McMahon, the counsel for the bankrupts, who objected to being sworn, saying that he never went on the stand as a witness where he was counsel, and that if the counsel for the creditors would state what they expected to prove by him, he would, if proper to do so, admit it; that the register had ruled that Mr. McMahon must be sworn, but he had refused; and further, that the creditors had offered in evidence, in order to prove that the debt of one Ben Holladay was fictitious, the bill of complaint in an equity action brought in this court by Platt, the assignee, against Holladay and others [unreported], a notice of appearance for Holladay, Warren Leland and Ellen Leland, his wife, a notice of withdrawal of such appearance, a notice of complainant's solicitors declining service of such withdrawal, a supplemental bill in said action, and the answer of Ellen Leland thereto, and a certified copy of a satisfaction of mortgage referred to in the bills of complaint, signed by Holladay and recorded; and that those papers were objected to by the bankrupts and excluded by the register. The register certified to the court each of the questions thus arising.

BLATCHFORD, District Judge. I am of opinion that the deposition of Warren Leland is admissible in evidence against him, and that the deposition of Charles Leland is admissible in evidence against him, and that the decree is admissible in evidence against both of them; but that the deposition of Simeon Leland is not admissible in evidence against either of them. The exclusion of the question put to Pomeroy was proper. I see no reason why Mr. McMahon should not be sworn and examined. The ruling out of the papers in the case of Platt v. Holladay [supra], was proper.

[NOTE. The right of another creditor to prove his claim, passed on in Case No. 8,233. The action of the assignee in bringing suits against the fraudulent preferred creditors is sustained in Case No. 11,220. The right of the sheriff to fees, Case No. 11,221. The right of the district court to expunge the claim of the fraudulently preferred creditors, Case No. 8,235.]